# Morgan Lewis

**Melissa D. Hill**
Partner
+1.212.309.6318
melissa.hill@morganlewis.com

July 29, 2021

**VIA ECF**

Honorable Julien Xavier Neals
United States District Judge
Martin Luther King Federal Building and U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

Re: <u>Milano et al. v Cognizant Technology Solutions U.S. Corporation et al., Civil Action No. 2:20-cv-17793-JXN-ESK</u>

Dear Judge Neals:

We represent Defendants in the above-referenced matter and write to inform the Court of recent decisions that further support Defendants' Motion to Dismiss Complaint: *Lange v. Infinity Healthcare Physicians, S.C.*, 20-cv-737 (W.D. Wis. July 16, 2021) ("*Lange*") (attached as Exhibit A); *Wehner v. Genentech, Inc.*, No. 20-cv-06894, 2021 WL 2417098 (N.D. Cal. June 14, 2021) ("*Genentech*") (attached as Exhibit B); and *Matousek v. MidAmerican Energy Co.,* No. 20-cv-00352 (S.D. Iowa July 2, 2021) ("*Matousek*") (attached as Exhibit C).

The court in *Lange*, relying on *Thole v. U.S. Bank N.A.*, 140 S. Ct. 1615 (2020), dismissed a challenge to the prudence of certain actively managed funds for lack of standing, applying the "basic principle that a plaintiff lacks standing if she challenges investment decisions that did not personally affect her." *See* Exhibit A, at 5. Plaintiffs also lack standing to challenge the ten actively managed funds in the Complaint because that they did not invest in any of them, so any alleged breach by Defendants as to those funds could have no effect on their Plan benefits. *See* Dkt. 16 ("Def. Mot."), p. 13-15.

*Genentech* supports dismissal of Plaintiffs' challenge to ten of the Plan's actively managed funds as well as the recordkeeping fees charged to participants in the Cognizant Plan, as both are insufficiently pled. In *Genentech*, the plaintiff challenged the Genentech plan's recordkeeping fees as excessive and the selection and retention of target date funds ("TDFs") as imprudent. As to the recordkeeping claim, the court rejected fourteen of plaintiff's fifteen alleged comparator plans because the allegations failed to focus on the "*specific* services the recordkeeper provided to the *specific plan* at issue," and the comparator plans had varying asset and participant sizes as compared to the challenged plan. *See* Exhibit B, at *5-6. So too here. Plaintiffs have failed to provide (i) any allegations regarding the level of recordkeeping and administrative services provided to the Plan, or how these fees are excessive relative to the services rendered, and (ii) any comparator plans of similar asset or participant sizes. Def. Mot., p. 31-35. The *Genentech* court also dismissed the

**Morgan, Lewis & Bockius** LLP

101 Park Avenue
New York, NY  10178-0060         ☎ +1.212.309.6000
United States                               📠 +1.212.309.6001

Honorable Julien Xavier Neals
July 28, 2021
Page 2

challenge to the TDFs based on poor performance, concluding that "without factual allegations that compare the products' styles and strategies" the plaintiff—just like Plaintiffs here—failed to adequately allege "meaningful benchmarks" as required to give rise to an inference of imprudence at the pleading stage.  *See* Exhibit B, at *8-9.  The *Genentech* court rejected the notion that the determination of an appropriate benchmark cannot be "properly resolved at the motion to dismiss stage." *Id*. at *9; *see also* Def. Mot., 22-25.

Similarly, in *Matousek*, the court dismissed plaintiffs' challenges to the plan's fees and the performance of four funds for their failure "to identify a comparable fund with a materially similar style, structure, and goal" to the allegedly imprudent investment options included in the plan.  *See* Exhibit C, at 1-2.  The court agreed with the defendants that the plaintiffs' reliance on comparators with different management styles, asset allocations, investment strategies, and goals was insufficient to establish meaningful benchmarks for assessing the prudence of the plan's investment options.  *See id.* at 1-2; *see also Matousek*, Dkt. 21-1, p. 7-12, 17.

These three recent decisions, along with those cited in Defendants' Motion to Dismiss, support dismissing Plaintiffs' Complaint in its entirety.

Respectfully submitted,

*/s/ Melissa D. Hill*

Melissa D. Hill


cc: Counsel of Record (via ECF)