

**Partners:**
Louis J. Capozzi, Jr., Esq. (PA, NJ, M
Daniel K. Natirboff, Esq.
Donald R. Reavey, Esq.
Craig I. Adler, Esq. (PA, NJ)
Mark K. Gyandoh, Esq. (PA, NJ)
Salomon V. Bagdadi, Esq. (FL)
James M. Maro, Esq. (PA, NJ)
Jay A. Wells, Esq.

**Of Counsel:**
Andrew R. Eisemann, Esq. (PA, NY)
Garrett H. Rothman, Esq.

**Associate Attorneys:**
Bruce B. Baron, Esq.
Brandon S. Williams, Esq.
Nicholas J. Luciano, Esq.
Dayton P. Broyan, Esq. (PA, OH)
Giulia T. Conboy, Esq.

**Paralegals:**
Karen L. Fisher, Senior Paralegal
Linda A. Gussler
Jessica L. Murphy
Tina M. Scheetz

www.capozziadler.com
info@capozziadler.com

January 29, 2025

**Via CM/ECF**
Honorable Michael E. Farbiarz
United States District Judge
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

**Re:** *Milano v. Cognizant Technology Solutions U.S. Corporation*, No. 2:20-cv 17793

Dear Judge Farbiarz:

Plaintiffs respectfully write to the Court pursuant to this Court's order to explain "how each Plaintiff has standing based on the allegations in the Amended Complaint." ECF No. 95. The Court observes that "[t]he Amended Complaint [ECF 73] does not contain allegations as to when the Plaintiffs' investing got underway, or as to whether all of the Plaintiffs were or were not invested throughout the proposed class period. *Id.* For purposes of standing, the only fact that matters is whether Plaintiffs were invested in a challenged fund at any point during the putative Class Period, no matter how briefly, and Plaintiffs allege a loss in benefits as a result of their investment. Plaintiffs have alleged so here. *See Graden v. Conexant Sys., Inc.*, 496 F.3d 291, 301 (3d Cir. 2007) ("the measure of damages is the amount that affected accounts would have earned if prudently invested") (citing *Donovan v. Bierwirth*, 754 F.2d 1049, 1056 (2d Cir. 1985)).

**Plaintiffs' Allegations Detailing When They Held Their Investments.** Plaintiffs' First Amended Class Action Complaint, the operable Complaint, was filed on June 21, 2024. *See* ECF No. 73 (hereinafter "Complaint" or "Compl."). The putative Class Period is December 2, 2014, through the date of judgment. *See id.*, ¶ 1 n.2. The Complaint alleges that Defendants failed to: (1) act on knowable information regarding the Plan's chronically underperforming series of target date funds (the "Century TDFs") from 2014 through 2023, (2) implement the cheaper CIT version of the Century TDFs sooner, (3) obtain cheaper, unbranded CIT versions of the Plan's MassMutual funds from 2014-2018, and (4) act on the Plan's excessive recordkeeping fees partly due to the revenue sharing fee structure that was interrelated to the costly MassMutual funds. *Id.*, ¶¶84-87, 109, 118. In September of 2018, the Plan switched to the lower cost CIT version of the Century TDFs. *Id.*, ¶ 104 n.10.

Each plaintiff invested in at least one challenged fund during the relevant period, and paid excessive recordkeeping fees although they did not necessarily invest in the MassMutual funds.

Straight Line Title Services, LLC

**Main Office**
2933 North Front Street
Harrisburg, PA 17110
Ph. (717) 233-4101
Fax (717) 232-3080

**Real Estate & Title Co. Office**
355 N. 21st Street, Suite 205
Camp Hill, PA 17011
Ph. (717) 234-3289
Fax (717) 234-1670

**Philadelphia Office**
312 Old Lancaster Road
Merion Station, PA 19066
Ph. (610) 890-0200
Fax (717) 232-3080

**Ft. Lauderdale Office**
3101 N. Federal Hwy., Suite 502
Oakland Park, FL 33306
Ph. (717) 234-3289
Fax (717) 234-1670

**Miami Office**
323 Sunny Isles, Blvd., Suite 504
Sunny Isles Beach, FL 33160
Ph. (717) 233-4101
Fax (717) 232-3080

Honorable Michael E. Farbiarz
January 29, 2025
Page 2

Specifically, Plaintiff Joncas invested in the 2050 vintage of the Century TDFs from at least the first quarter of 2014 through September 30, 2020. *See* Compl., ¶ 26; ECF No. 52-14. Plaintiff Milano invested in the 2025 vintage of the Century TDFs from at least the third quarter of 2015 through at least June 30, 2020. *See* Compl., ¶ 22; ECF No. 52-11. Plaintiff Cameron invested in the 2040 vintage of the Century TDFs from the second quarter of 2017 through at least September 30, 2020. *See* Compl., ¶ 24; ECF No. 52-12. Plaintiff Van Hooser invested in the 2025 vintage of the Century TDFs from the first quarter of 2017 through at least September 30, 2020. *See* Compl., ¶ 27; ECF No. 52-15. Lastly, Plaintiff Hergenrader invested in the 2025 vintage of the Century TDFs from at least the second quarter of 2015 through September 30, 2020. *See* Compl., ¶ 25; ECF No. 52-13. In short, each Plaintiff invested in the Century TDF series while it underperformed, including the time period within the period of underperformance when the series was not in its lower cost versions. Compl., ¶¶ 85, 121-28.

**Third Circuit Precedent Supports Plaintiffs' Standing**. The Third Circuit's holding in *Boley v. Univ. Health Servs., Inc.*, 36 F.4th 124, 134 (3d Cir. 2022) is directly on point. "Each participant's potential recovery, regardless of the fund in which he or she invested, is under the same legal theory—[Defendants'] breach of its fiduciary duty under ERISA in managing the Plan's investment options. Likewise, each participant who was charged excessive fees when investing in any of the Plan's funds can trace his or her injury to the same practice—[Defendants'] alleged failure to properly consider expense ratios when selecting and updating the Plan's investment options." *Id.*, at 134; *see also Chong v. KPMG LLP*, No. 21- cv-19330, Dkt. 101 at 2 (D.N.J Oct. 11, 2023) ("Defendants acknowledge that the Third Circuit in *Boley* [] interpreted the Article III standing requirements loosely in an ERISA fiduciary breach case […] [allowing] the ability of a named plaintiff to serve as a class representative despite not having invested in all (or most) of the funds being challenged in a case."); *Luense v. Konica Minolta Bus. Sols. U.S.A., Inc.*, No. 20-cv-6827, 2024 WL 2765004, at *5 (D.N.J. May 30, 2024). *Boley* stands for the proposition that "even if named Plaintiffs or absentees have not invested in all of the disputed funds, the allegations underlying those claims—Defendants' conduct and Plaintiffs' participation in the Plan during the relevant period—are 'shared by the rest of the proposed class.'" *Luense*, 2024 WL 2765004, at *5 (quoting *In re Schering Plough Corp. Erisa Litigation*, 589 F.3d 585, 599 (3d Cir. 2009)).

Lastly, it is immaterial how long Plaintiffs invested in each challenged fund because "[i]f the plaintiff colorably claims that under the plan and ERISA he was entitled to more than he received on the day he cashed out, then he presses a claim for vested benefits and must be accorded participant standing." *Graden,* 496 F.3d at 300 (noting that a participant's account balance in a defined contribution plan is a benefit). This includes breach of fiduciary duty allegations brought on behalf of a plan. *Id.*, at 295. Thus, Plaintiffs here have standing because they invested in a challenged fund and paid excessive recordkeeping fees during the putative Class Period.

Respectfully submitted,

*[signature]*

Mark K. Gyandoh

cc: All counsel of record (VIA ECF)