**MAYER | BROWN**

Mayer Brown LLP
1999 K Street, N.W.
Washington, DC 20006-1101
United States of America

T: +1 202 263 3000
F: +1 202 263 3300
mayerbrown.com

**Bryan Nese**
Partner
T: +1 202 263 3266
F: +1 202 830 0317
BNese@mayerbrown.com

February 4, 2025

Via CM/ECF

Honorable Michael E. Fabiarz
United States District Judge
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

Re: *Milano v. Cognizant Technology Solutions U.S. Corporation*, No. 2:20-cv-17793-MEF-SDA

Dear Judge Fabiarz:

Defendants, by and through their counsel, respectfully write pursuant to this Court's order and address Plaintiffs' letter regarding standing, ECF No. 97. As this Court has recognized, under *Boley v. Univ. Health Servs., Inc.*, 36 F.4th 124 (3d Cir. 2022), "in the context of a single overarching fiduciary breach claim"—which is what Plaintiffs here allege, *see* First Amended Complaint ("FAC"), ¶¶ 132-138—the relevant analysis looks to "whether the Plaintiffs ha[ve] standing as to each factual allegation advanced in support of the overall claim," and is satisfied if the "Named Plaintiffs each invested in at least one of [relevant sort of] Funds." ECF No. 68, at 2 (quoting *Boley*, 36 F.4th at 131; alternations in this Court's Order). This approach is consistent with the Supreme Court's guidance, which repeatedly emphasizes that standing requires that plaintiffs must sue for their "own injury." *See e.g., Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 106 (1998). Here, Plaintiffs fail to meet this showing.

To begin, Plaintiffs concede that they did not invest in the five MassMutual funds they challenge. ECF No. 96, at 1 (identifying the three vintages—2025, 2040, and 2050—of American Century TDFs in which Plaintiffs invested and acknowledging that Plaintiffs did "not necessarily invest in the MassMutual funds."). That ends the analysis. Plaintiffs lack standing as to the MassMutual funds because they have not "invested in at least one of [those] funds," ECF No. 68, at 2, and thus would not have suffered their "own injury" for any costs resulting from the purchase of the MassMutual funds they seek to challenge. 523 U.S. at 106.

Mayer Brown is a global services provider comprising an association of legal practices that are separate entities including
Mayer Brown LLP (Illinois, USA), Mayer Brown International LLP (England & Wales), Mayer Brown Hong Kong LLP (a Hong Kong limited liability
partnership which operates in temporary association with Hong Kong partnership Johnson Stokes & Master)
and Tauil & Chequer Advogados (a Brazilian law partnership).

Mayer Brown LLP

Bryan Nese
4 February 2025
Page 2

  Attempting to circumvent this fatal admission, Plaintiffs argue that standing is interpreted "loosely in an ERISA breach of fiduciary duty case," such that the Named Plaintiffs' investment in three vintages of the American Century TDFs is sufficient to confer standing on them to contest the MassMutual funds in which they did not invest. ECF No. 96, at 2. But the Supreme Court has recognized no such relaxed standing in the ERISA context. *See Thole v. U.S. Bank, N.A.*, 590 U.S. 538, 543 ("litigants themselves still must have suffered an injury in fact").

  Plaintiffs' argument to the contrary stretches the Third Circuit's holding in *Boley* beyond its scope. Central to *Boley*'s holding was that plaintiffs alleged "concrete, personalized injuries traceable to the challenged conduct" to meet their burden to establish Article III standing because they alleged that "[t]he Named Plaintiffs each invested in at least one of the Fidelity Freedom Funds" that they challenged, among others. 36 F.4th at 131. In other words, the *Boley* plaintiffs had standing based on their investment in "some of the underperforming funds" at issue in the complaint, *id.* at 132 (quoting *Sweda v. University of Pa.*, 923 F.3d 320, 331 (3d Cir. 2019)). But *some* is not synonymous with *none*, and here, Plaintiffs by their own admission did not invest in *any* of the challenged MassMutual funds.

  Nor does alleged conduct in the FAC regarding the funds that Plaintiffs did invest in (the American Century TDFs, as to which Plaintiffs say Defendants failed to adequately assess performance and wrongly bought mutual funds, rather than CITs) have anything to do with the conduct that Plaintiffs challenge regarding the MassMutual funds (i.e., Defendants' supposed failure to choose the least expensive share classes). Thus, not only are Plaintiffs seeking to sue for injuries they did not suffer, Plaintiffs moreover are seeking to contest practices by Defendants that are wholly unrelated to Plaintiffs' challenge to their own funds. Plaintiffs fail to satisfy *Boley* for this reason as well. 36 F. 4th 134 (standing appropriate where each plaintiff was able to "trace his or her injury to the same practice—[defendant's] alleged failure to properly consider expense ratios").

Dated: February 4, 2025          MAYER BROWN, LLP

                   /s/ *Bryan Nese*
                   Bryan Nese

cc: All Counsel of Record (via ECF)