**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MARK MILANO, *et al*,<br><br>*Plaintiffs*,<br><br>v.<br><br>COGNIZANT TECHNOLOGY SOLUTIONS U.S. CORPORATION, *et al*,<br><br>*Defendants*. | Civil Action No. 2:20-cv-17793-MEF-SDA |

# [PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, PRELIMINARILY CERTIFYING CLASS FOR SETTLEMENT PURPOSES, APPROVING FORM AND MANNER OF SETTLEMENT NOTICE, PRELIMINARILY APPROVING PLAN OF ALLOCATION, AND SCHEDULING A DATE FOR A FINAL APPROVAL HEARING

This Action involves claims for alleged violations of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. ("ERISA"), with respect to the Cognizant Technology Solutions 401(k) Savings Plan (the "Plan"). The terms of the Settlement are set forth in the Settlement Agreement, fully executed as of ____________, 2026, by counsel on behalf of Plaintiffs, the Settlement Class, and Defendants. Defendants deny Plaintiffs' allegations, claims, and contentions, deny any alleged wrongdoing or liability, and deny that Plaintiffs, the Settlement Class, or the Plan suffered any harm or damage for which Defendants could be held liable.

Pursuant to Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement, Preliminary Certification of the Settlement Class for Settlement

Purposes, Approval of the Form and Manner of Settlement Notice, Preliminary Approval of the Plan of Allocation, and Scheduling of a Final Approval Hearing, filed on ____________, 2026, the Court has preliminarily considered the Settlement to determine, among other things, whether notice should issue to the Settlement Class. Upon review of the Settlement Agreement and the record, it is hereby **ORDERED, ADJUDGED, AND DECREED** as follows:

1. **Preliminary Certification of the Settlement Class** – In accordance with the Settlement Agreement, and pursuant to Rules 23(a) and (b)(1) of the Federal Rules of Civil Procedure, this Court hereby conditionally certifies the following class for the purposes of the Settlement only ("Settlement Class"):

> All persons, except Defendants and their immediate family members, who were participants in or beneficiaries of the Plan, and any Alternate Payee of a Person subject to a Qualified Domestic Relations Order ("QDRO") who participated in the Plan, at any time from December 2, 2014, through the date of this Preliminary Approval Order. Because the Settlement Class is certified under Rule 23(b)(1), Settlement Class Members shall not be permitted to exclude themselves from the Settlement Class.

2. The Court appoints Plaintiffs Mark Milano, Robert Cameron, Rodney Hergenrader, Katherine H. Joncas, and Charles Van Hooser as Class Representatives for the Settlement Class and appoints Capozzi Adler, P.C. as Class Counsel.

3. **Preliminary Approval of Proposed Settlement** – The Settlement Agreement is preliminarily approved as fair, reasonable, and adequate. The Court preliminarily finds that:

a) The Settlement was negotiated vigorously and at arm's length by Defense Counsel, on the one hand, and Plaintiffs and Class Counsel on behalf of the Settlement Class, on the other hand;

b) Plaintiffs and Class Counsel had sufficient information to evaluate the settlement value of the Action and have concluded that the Settlement is fair, reasonable, and adequate;

c) If the Settlement had not been achieved, Plaintiffs and the Settlement Class faced the expense, risk, and uncertainty of protracted litigation;

d) The Gross Settlement Amount of $2,800,000 is fair, reasonable, and adequate, taking into account the costs, risks, and delay of continued litigation, trial, and appeal. The method of distributing the settlement proceeds is efficient, relying on Defendants' or the Recordkeeper's records and requiring no filing of claims. The Settlement terms related to attorneys' fees do not raise questions about the fairness of the Settlement, and there are no agreements, apart from the Settlement Agreement, required to be considered under FED. R. CIV. P. 23(e)(2)(C)(iv). The settlement amount is within the range of settlement values obtained in similar cases;

e) At all times, Plaintiffs and Class Counsel have acted independently of the Defendants and in the interest of the Settlement Class; and

f) The proposed Plan of Allocation is fair, reasonable, and adequate.

4. **Establishment of Qualified Settlement Fund** – No later than fourteen (14) days after entry of this Order, the Settlement Administrator shall establish the Qualified Settlement Fund. The Settling Parties have agreed to establish a common fund known as the "Settlement Fund." The Settlement Fund shall be a "qualified settlement fund" within the meaning of Section 468B of the Internal Revenue Code and Treasury Regulation § 1.468B-1.

a) The Settlement Fund shall be funded and administered in accordance with the terms of the Settlement. The Escrow Agent shall be the "administrator" of the Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3). The Escrow Agent, or the Settlement Administrator acting on the Escrow Agent's behalf, shall timely make the informational and other tax filings required by Treasury Regulation §§ 1.468B-2(k) and 1.468B-2(l). The Settlement Administrator shall timely make any elections necessary or advisable under Article 5 of the Settlement Agreement.

b) Defendants shall have no withholding, reporting, or tax reporting responsibilities with regard to the Settlement Fund or its distribution. Moreover,

Defendants shall have no liability, obligation, or responsibility for administration of the Settlement Fund or the disbursement of any money from the Settlement Fund except for: (1) their obligation to cause the Gross Settlement Amount to be paid; and (2) their agreement to cooperate in providing information necessary for settlement administration as set forth in the Settlement Agreement.

c) The Gross Settlement Amount caused to be paid by the Defendants and/or their insurer(s) into the Settlement Fund in accordance with the Settlement Agreement, and all income generated by that amount, shall be in custodia legis and immune from attachment, execution, assignment, hypothecation, transfer, or similar process by any person. Once the Settlement Fund vests, it is irrevocable during its term and Defendants have divested themselves of all right, title, or interest, whether legal or equitable, in the Settlement Fund, if any; provided, however, in the event the Settlement Agreement is not approved by the Court or the Settlement set forth in the Settlement Agreement is terminated or fails to become effective in accordance with its terms (or, if following approval by this Court, such approval is reversed or modified), the Parties shall be restored to their respective positions in this case as of October 27, 2024, the day before the Parties reached an agreement in principle to settle the Action; All funds deposited in the Qualified Settlement Fund, together with any interest earned, shall be returned to Defendants, their representatives, or their insurer(s) within thirty (30) days after the Settlement

Agreement is terminated or deemed null and void, subject to Section 13.4 of the Settlement Agreement.

d) The Settlement Administrator shall make disbursements out of the Settlement Fund only in accordance with this Order or any additional Orders issued by the Court.

e) The Settlement Fund shall expire after the Settlement Administrator distributes all assets of the Settlement Fund in accordance with the Settlement Agreement, provided, however, that the Settlement Fund shall not terminate until its liability for any government fees, fines, taxes, charges, and excises of any kind, including income taxes, and any interest, penalties, or additions to such amounts are, in the Settlement Administrator's sole discretion, finally determined and all such amounts have been paid by the Settlement Fund.

f) The Court and the Settlement Administrator recognize that there may be tax payments, withholding, and reporting requirements in connection with the administration of the Settlement Fund. The Settlement Administrator shall, in accordance with the Settlement Agreement, determine, withhold and pay to the appropriate taxing authorities any taxes due with respect to any distribution from the Settlement Fund and shall make and file with the appropriate taxing authorities any reports or returns due with respect to any distributions from the Settlement Fund. The Settlement Administrator also shall determine and pay any income taxes owing with

respect to the income earned by the Settlement Fund. Additionally, the Settlement Administrator shall file returns and reports with the appropriate taxing authorities with respect to the payment and withholding of taxes.

g) The Settlement Administrator, in its discretion, may request expedited review and decision by the IRS or the applicable state or local taxing authorities with regard to the correctness of the returns filed for the Settlement Fund and shall establish reserves to ensure the availability of sufficient funds to meet the obligations of the Settlement Fund itself and the Settlement Administrator as a fiduciary of the Settlement Fund. Reserves may be established for taxes on the Settlement Fund income or on distributions.

h) The Settlement Administrator shall have all the necessary powers, and take all necessary ministerial steps, to effectuate the terms of the Settlement Agreement, including the payment of all distributions. These powers include investing, allocating, and distributing the Settlement Fund, and in general supervising the administration of the Settlement Agreement in accordance with its terms and this Order.

i) The Settlement Administrator shall keep detailed and accurate accounts of all investments, receipts, disbursements, and other transactions of the Settlement Fund. All accounts, books, and records relating to the Settlement Fund shall be open for reasonable inspection by such persons or entities as the Court

orders. Included in the Settlement Administrator's records shall be complete information regarding actions taken with respect to the award of any payments to any person; the nature and status of any payment from the Settlement Fund; and other information which the Settlement Administrator considers relevant to showing that the Settlement Fund is being administered, and awards are being made, in accordance with the Settlement Agreement, this Order, and any future Court orders.

5. Final Approval Hearing – A Final Approval Hearing is scheduled for ____________, 2027, at ______ no sooner than ninety (90) calendar days after the filing of the Motion for Preliminary Approval, to consider: to make a final determination concerning, among other things:

- Any objections to the Settlement or any aspects of it;
- Whether the Settlement merits final approval as fair, reasonable, and adequate;
- Whether the Action should be dismissed with prejudice pursuant to the terms of the Settlement;
- Whether Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Settlement;
- Whether the proposed Plan of Allocation should be granted final approval; and

- Whether Class Counsel's application for Attorneys' Fees and Costs and Case Contribution Awards, Administrative Expenses incurred to date, and a reserve for anticipated future Administrative Expenses should be approved.

6. **Settlement Notice** – The Court approves the Short Form Postcard and Long Form Settlement Notices ("Notices") in the forms attached as Exhibits A and B, respectively, to the Settlement Agreement. The Parties may make non-substantive changes to the Notices, such as filling in the applicable dates and correcting typographical errors. The Court finds that the Notices, taken together, fairly and adequately (a) describe the terms of the Agreement, the Settlement, and the Plan of Allocation; (b) notify the Class Members that Class Counsel will seek attorneys' fees and litigation costs from the Settlement Fund, payment of the costs of administering the Settlement out of the Settlement Fund, and Case Contribution Awards for the Class Representatives; (c) notify the Settlement Class of the time and place of the Final Approval Hearing; and (d) describe how the recipients of the Notices may object to any of the relief requested. Notice of changes to the Settlement Agreement, future orders concerning the Settlement, modifications to the Settlement Notices, changes in the date or time of the Final Approval Hearing, or other modifications to the Settlement, including the Plan of Allocation, may be provided through the Settlement Website without additional mailed notice.

7. **Settlement Administrator** – The Court approves the appointment of Angeion Group ("Angeion") as the Settlement Administrator for the Settlement responsible for carrying out the responsibilities set forth in the Settlement Agreement. The Settlement Administrator shall use the data provided by Defendants and the recordkeeper for the Plan, or their designee, solely for the purpose of meeting its obligations as Settlement Administrator, and for no other purpose. Among other responsibilities as set forth in the Settlement Agreement, the Settlement Administrator shall:

- By no later than ___________ (thirty-five days after entry of this Order), cause the Short Form Postcard Settlement Notice, with any non-substantive modifications agreed upon by the Parties, to be sent by first-class mail, postage prepaid, and/or email (if available) to the last known physical or email address of each Class Member who can be identified through reasonable effort. Before mailing the Short Form Settlement Notice, Analytics shall conduct address research (via skip-trace databases) to identify current mailing address information for Class Members. Additionally, Analytics must update the Class Member address information using data from the National Change of Address ("NCOA") database. After mailing the Short

Form Postcard Settlement Notice, Analytics shall use commercially reasonable efforts to locate any Class Member whose Short Form Postcard Settlement Notice is returned and re-send it one additional time.

- By no later than ______________ (thirty-five days after entry of this Order), cause the Long Form Settlement Notice to be published on the website identified in the Short Form Postcard Settlement Notice, which will also host and make available copies of Settlement-related documents, including the Settlement Agreement.

The Court finds that the contents of the Notices and the process described in this order and in the Agreement are the best notice practicable under the circumstances, and satisfy the requirements of Rule 23(c) and due process.

This Order will bind any successor Settlement Administrator. The successor Settlement Administrator(s) shall have, without further act on the part of anyone, all the duties, powers, functions, immunities, and discretion granted to the original Settlement Administrator. Any Settlement Administrator(s) who is replaced (by reason other than death) shall execute all instruments, and do all acts, that may be necessary or that may be ordered or requested in writing by the Court or by any successor Settlement Administrator(s), to transfer administrative powers over the

Settlement Fund to the successor Settlement Administrator(s). The appointment of a successor Settlement Administrator(s), if any, shall not under any circumstances require Defendants to make any further payment of any nature into the Settlement Fund or otherwise.

8. **Petition for Attorneys' Fees, Litigation Costs, and Case Contribution Awards** Any petition by Class Counsel for attorneys' fees, litigation costs, and Case Contribution Awards to the Class Representatives, and all briefs in support of those requests, shall be filed no later than ____________ (thirty days before the date for filing objections specified in this Order).

9. **Briefs in Support of Final Approval of the Settlement** – Briefs and other documents in support of final approval of the Settlement shall be filed no later than _____________ (thirty days before the date for filing objections specified in this Order).

10. **Objections to Settlement** – Any member of the Settlement Class or authorized recipient of any Class Action Fairness Act ("CAFA") notice may file an objection to the fairness, reasonableness, or adequacy of the Settlement, to any term of the Settlement Agreement, to the Plan of Allocation, to the proposed award of attorneys' fees and litigation costs, to the payment of costs of administering the Settlement out of the Settlement Fund, or to the request for Case Contribution Awards for the Class Representatives. An objector must file with the Court a

statement of his, her, or its objection, specifying the reasons for each objection, including any legal support and evidence the objector wishes to bring to the Court's attention or introduce in support of the objection. The address and case information for filing objections with the Court are as follows:

Clerk of Court
United States District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street, Room 4015
Newark, New Jersey 07101

Re: *Milano v. Cognizant Technology Solutions U.S. Corp.*, No. 2:20-cv-17793-MEF-SDA

The objector or his, her, or its counsel (if any) must file any objection and supporting materials with the Court no later than (thirty days before the date of the Final Approval Hearing specified in this Order). If an objector hires an attorney to object, the attorney must also file a notice of appearance with the Court no later than (thirty days before the date of the Final Approval Hearing specified in this Order). Any member of the Settlement Class or other Person who does not timely file a written objection complying with this paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement, and any untimely objection shall be barred. Any responses to objections shall be filed with the Court no later than (seven days before the date of the Final Approval Hearing specified in this Order). There shall be no reply briefs.

Any party to the litigation may, but is not required to, serve discovery requests, including requests for documents and notice of deposition not to exceed two hours in length, on any objector. Any responses to discovery, or any depositions, must be completed within ten days of the request being served on the objector.

11. Any additional briefs the Parties wish to file in support of the Settlement shall be filed no later than (seven days before the date of the Final Approval Hearing).

12. **Appearance at Final Approval Hearing** – Any objector who files a timely, written objection may appear and be heard at the Final Approval Hearing either in person or through counsel retained at the objector's expense. Objectors or their attorneys intending to appear at the Final Approval Hearing must file a notice of intention to appear (and, if applicable, the name, address, and telephone number of the objector's attorney) with the Court by no later than (ten days before the date of Final Approval Hearing). Any objector, or their counsel, who does not timely file a notice of intention to appear in accordance with this paragraph shall not be permitted to speak at the Final Approval Hearing, except for good cause shown.

13. **Notice Expenses** – The expenses of printing, mailing, and publishing the Settlement Notices shall be paid exclusively from the Qualified Settlement Fund.

14. **Parallel Proceedings** – Pending final determination of whether the Settlement Agreement should be approved, the Class Representatives, each

Settlement Class Member, and the Plan are prohibited and enjoined from directly, through representatives, or in any other capacity commencing any action or proceeding in any court or tribunal asserting any Released Claim against Defendants, any Released Party, or the Plan.

15. **Continuance of Final Approval Hearing** – The Court reserves the right to reschedule the Final Approval Hearing without further written notice to the Class Members and also may schedule the hearing to be conducted by telephone or video conference.

16. **Effect of Termination of Settlement on this Order** – If the Settlement Agreement is terminated, deemed null and void, or otherwise has no further force or effect, this Order shall become null and void and shall be without prejudice to the rights of the Settling Parties. The Action shall revert to its status as of June 4, 2026, as though the Settling Parties had never executed the Settlement Agreement.

This Order shall not be construed or used as an admission, concession, or declaration by or against Defendants of any fault, wrongdoing, breach, or liability, or a waiver of any claims or defenses, including but not limited to those as to the propriety of any amended pleadings or the propriety and scope of class certification. This Order shall not be construed or used as an admission, concession, or declaration by or against any named plaintiff, Class Representatives, or the Settlement Class that their claims lack merit, or that the relief requested by Plaintiffs is inappropriate,

improper, or unavailable. This Order shall not be construed or used as a waiver by any party of any arguments, defenses, or claims he, she, or it may have, including but not limited to any objections by Defendants to class certification in the event that the Settlement Agreement is terminated.

SO ORDERED on ___________________, 2026.

___________________________
Hon. Stacey D. Adams
U.S. Magistrate Judge