**Partners:**
Louis J. Capozzi, Jr., Esq. (PA, NJ, MD)
Daniel K. Natirboff, Esq.
Donald R. Reavey, Esq.
Craig I. Adler, Esq. (PA, NJ)
Mark K. Gyandoh, Esq. (PA, NJ)
James A. Maro, Esq. (PA, NJ)
James A. Wells, Esq.

**Paralegals:**
Karen L. Fisher, Senior Paralegal
Linda A. Gussler
Tina M. Scheetz
Tim Williams
Oliva Calini

Capozzi Adler, P.C.
*Attorneys at Law*

**Associate Attorneys:**
Bruce G. Baron, Esq.
Brandon S. Williams, Esq.
Nicholas J. Luciano, Esq.
Dayton P. Broyan, Esq. (PA, OH)
Giulia T. Conboy, Esq.
Youraj Koirala, Esq.
Lindsey Pippin, Esq.

**Of Counsel:**
Garrett H. Rothman, Esq.
Salomon V. Bagdadi, Esq. (FL)

www.capozziadler.com
info@capozziadler.com

October 9, 2026

**VIA CM/ECF ONLY**

Honorable Michael E. Farbiarz
United States District Court, District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street, Courtroom PO 9
Newark, NJ 07102

Re: ***Milano v. Cognizant Technology Solutions U.S. Corporation*,**
**No. 2:20-cv-17793-MEF-SDA**

Dear Judge Farbiarz:

My firm represents Plaintiffs Mark Milano, Robert Cameron, Rodney Hergenrader, Katherine H. Joncas and Charles Van Hooser ("Plaintiffs"). I write on behalf of Plaintiffs to address Your Honor's text order of October 2, 2026, asking Plaintiffs to either "set forth a plan to supplement the record" or "explain, with specific reference to evidence already in the record, why that evidence is sufficient for the Court to make" an "appropriately informed decision as to each of the Girsh factors and each of Fed. R. Civ. P. 23's requirements." ECF No. 129.

Plaintiffs submit the record is replete with the requisite support to allow Your Honor to make findings under *Girsh v. Jepson*, 521 F.2d 153,157 (3d. Cir. 1975), and especially make findings at the preliminary approval stage of a settlement. Courts within the Third Circuit often rely on affidavits or declarations from counsel or third parties to analyze the *Girsh* factors. *See, e.g, In re Warfarin Sodium Antitrust Litig.*, 212 F.R.D. 231, 256 (D. Del. 2002) (finding an affidavit discussing "the various challenges defendant has made to his damages model and how that would affect defendant's liability" to satisfy the 5th *Girsh* factor); *id.* at 253 (finding "[i]n

Straight Line Title Services, LLC

**Main Office**
2933 North Front Street
Harrisburg, PA 17110
Ph. (717) 233-4101
Fax (717) 232-3080

**Real Estate & Title Co. Office**
1200 Camp Hill Bypass, Suite 204
Camp Hill, PA 17011
Ph. (717) 234-3289
Fax (717) 234-1670

**Philadelphia Office**
312 Old Lancaster Road
Merion Station, PA 19066
Ph. (610) 890-0200
Fax (717) 232-3080

**Ft. Lauderdale Office**
3101 N. Federal Hwy., Suite 502
Oakland Park, FL 33306
Ph. (717) 234-3289
Fax (717) 234-1670

**Miami Office**
20295 NE 29tj Place, 2nd Floor
Aventura, FL 31180
Ph. (717) 233-4101
Fax (717) 232-3080

the case at bar, class counsel submitted affidavits showing the settlement resulted from intensive, arm's length negotiations between counsel for plaintiffs and defendant."); *Somogyi v. Freedom Mortg. Corp.,* 495 F. Supp. 3d 337, 357 (D.N.J. 2020) ("Declarations and C.V.'s filed with the Court establish counsel's qualifications and experience.").

In connection with the request for preliminary approval of the Settlement, the undersigned as counsel for the Settlement Class submitted a declaration (*See* Gyandoh Declaration, ECF No. 128) that addresses several if not all the *Girsh* factors. Below is a summary of the *Girsh* factors and the paragraphs of the Gyandoh Declaration that support each factor:

(1) Complexity and expense of continued litigation
  - The Complexity of the litigation and cost of continued litigation is supported by the description of the case's procedural history. Gyandoh Decl., ¶¶ 3- 25. Had this case not settled, summary judgment briefing and trial remained in this case. Thus, there would be a significant delay in the class's recovery if the case proceeded to trial, and this favors settlement approval. *In re Warfarin Sodium Antitrust Litig*., 391 F.3d 516 (3d Cir. 2004)

(2) Reaction of Class to Settlement
  - Because class notice has not been disseminated yet, this factor is premature. However, Plaintiffs will submit a notice declaration from the Settlement Administrator at the final approval stage to support this factor.

(3) Stage of Proceedings and amount of discovery
  - The amount of discovery and information relied on to support the settlement is described at paragraphs 3, 4, 26, 27 and the description of the mediation process (pars. 28 through 36) of the Gyandoh Declaration.

(4) Risk of Establishing Liability and Damages
- This factor is addressed in detail in paragraphs 28- 36 of the Gyandoh Declaration when describing the mediation process.

(5) Risk of Maintaining Class Action through trial
- This factor is supported by paragraphs 63 through 64 of the Gyandoh Declaration.

(6) Ability of Defs. To Withstand Greater Judgment
- As explained in Plaintiffs' memorandum in support of preliminary approval (ECF No. 127), this factor is typically considered in light of the other *Girsh* factors. The Third Circuit has noted, "in any class action against a large corporation, the defendant entity is likely to be able to withstand a more substantial judgment, and, against the weight of the remaining factors, this fact alone does not undermine the reasonableness of the instant settlement." *Sullivan v. DB Investments, Inc.*, 667 F.3d 273, 323 (3d Cir. 2011).

(7) Range of Reasonableness of Settlement Fund
This factor is described in detail in paragraphs 28- 36 of the Gyandoh Declaration when describing the mediation process.

As noted in Plaintiffs' preliminary approval memorandum (ECF No. 127 at 9), at the preliminary approval stage, courts must determine whether: (1) the negotiations occurred at arm's length (*see* Gyandoh Decl., ¶¶ 28-35); (2) there was sufficient discovery (*see* Gyandoh Decl., ¶¶ 3, 4, 26, 27); (3) the proponents of the settlement are experienced in similar litigation (*see* Gyandoh Decl., ¶¶ 44-56); and (4) only a small fraction of the class objected (not applicable). ECF No. 127 at 9.

Plaintiffs believe the Gyandoh declaration sets forth sufficient evidence to support the Court's examination of the *Girsh* factors. Additionally, were the case to proceed to a final approval hearing, Plaintiffs would submit additional declarations from the individual Plaintiffs, Class Counsel, the Settlement Administrator, and the

appointed Independent Fiduciary as further support for the settlement and satisfaction of the *Girsh* factors.

Respectfully,

**CAPOZZI ADLER, P.C.**

*/s/ Mark K. Gyandoh*
Mark K. Gyandoh, Esquire

cc: All Counsel of Record (via ECF)